LEWIS N. LEVY, Bar No. 105975
DANIEL R. BARTH, Bar No. 274009
Levy, Ford & Wallach
3619 Motor Avenue
Los Angeles, CA  90034
Telephone:  (213) 380-3140
Facsimile:  (213) 480-3284
Email: LLevy@lfwlawyers.com
        DBarth@lfwlawyers.com

JEFFREY R. FREUND (*pro hac vice application forthcoming*)
ROBERT ALEXANDER (*pro hac vice application forthcoming*)
ABIGAIL V. CARTER (*pro hac vice application forthcoming*)
PHILIP C. ANDONIAN, Bar No. 222243
Bredhoff & Kaiser, PLLC
805 Fifteenth St., N.W. Tenth Floor
Washington, D.C. 20005
Telephone:  (202) 842-2600
Facsimile:   (202) 842-1888
Email: jfreund@bredhoff.com
        ralexander@bredhoff.com
        acarter@bredhoff.com
        pandonian@bredhoff.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN FEDERATION OF MUSICIANS OF THE UNITED STATES AND CANADA | CASE NO. 2:15-cv-03953 |
| Plaintiff, | COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| COLUMBIA PICTURES INDUSTRIES, INC., PARAMOUNT PICTURES CORPORATION, TWENTIETH CENTURY FOX FILM CORPORATION, UNIVERSAL CITY STUDIOS, LLC, WALT DISNEY PICTURES, INC., AND WARNER BROTHERS ENTERTAINMENT, INC., | |
| Defendants. | |

## NATURE OF THE CASE

1.      This is an action under §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, for violations of the Basic Theatrical Motion

Picture Agreement (hereinafter "Agreement"), a collective bargaining agreement to which the Plaintiff American Federation of Musicians of the United States and Canada (hereinafter "AFM") and each Defendant is a party.  That Agreement prohibited Defendants from re-using or permitting the re-use of certain previously recorded theatrical motion picture music sound tracks that had been created by AFM musicians under that Agreement or a predecessor Agreement ("Agreements"), except under certain circumstances.  Moreover, the Agreement's exceptions that allowed limited re-use of previously recorded theatrical motion picture music sound tracks required Defendants to make certain specified payments for the benefit of the AFM musicians who created the original sound tracks.

2.      Notwithstanding these clear contractual obligations, Plaintiff has now learned that each of the Defendants routinely (a) re-used and/or permitted others to re-use previously recorded theatrical motion picture music sound tracks in a manner prohibited by the agreement, and/or (b) re-used and/or permitted others to re-use previously recorded theatrical sound tracks in a manner permitted by the Agreement only if proper compensation was made for the benefit of the appropriate AFM musicians, but did not make the payments required under the Agreement.

3.      The known re-use violations of the Agreement are only a small fraction of the unreported, improper, and uncompensated re-use of theatrical motion picture music sound tracks created by musicians under the Agreement. Defendants' violations have caused substantial losses to hundreds of musicians who make their livelihood creating music for Defendants' motion pictures. This LMRA § 301 action seeks to recover appropriate breach of contract damages, including but not limited to all payments owed by Defendants to and for the benefit of musicians whose services were covered by the Agreement and/or previous Agreements.

JURISDICTION AND VENUE

4.     This Court has jurisdiction over this lawsuit and parties pursuant to 29 U.S.C. § 185 and 28 U.S.C. § 1331.

5.     Venue lies in this District pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391(b).

PARTIES

6.     The Plaintiff AFM is a labor organization that represents approximately 80,000 professional musicians in the United States and Canada, including many hundreds of musicians who work to create the music sound track for motion pictures produced in this District and throughout the United States and Canada.  The AFM is "a labor organization representing employees in an industry affecting commerce" within the meaning of the federal statute, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts" between such a labor organization and "an employer."

7.     The Defendant Columbia Pictures Industries, Inc. (hereinafter "Columbia") produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their productions. Columbia maintains its headquarters at 10202 Washington Boulevard, Culver City, CA 90232, and engages in business on a regular basis in the Central District of California.

8.     The Defendant Paramount Pictures Corporation (hereinafter "Paramount") produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their productions.  Paramount maintains its headquarters at 5555 Melrose Avenue, Los Angeles, CA 90038, and engages in business on a regular basis in the Central District of California.

9.     The Defendant Twentieth Century Fox Film Corporation (hereinafter "Fox") produces theatrical motion pictures and employs in the United

States and Canada professional musicians represented by the AFM in their productions.  Fox maintains its headquarters at 10201 W. Pico Boulevard, Los Angeles, CA 90064, and engages in business on a regular basis in the Central District of California.

10.     The Defendant Universal City Studios LLC (hereinafter "Universal") produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their productions. Universal maintains its headquarters at 100 Universal City Plaza, Universal City, CA 91608, and engages in business on a regular basis in the Central District of California.

11.     The Defendant Walt Disney Pictures, Inc. (hereinafter "Disney") produces theatrical motion pictures and employs in the United States and Canada professional musicians represented by the AFM in their productions.  Disney maintains its headquarters at 500 S. Buena Vista Street, Burbank, CA 91521, and engages in business on a regular basis in the Central District of California.

12.     The Defendant Warner Brothers Entertainment, Inc. (hereinafter "Warner Brothers") produces theatrical motion pictures through its motion picture units, including Warner Brothers Pictures and New Line Cinema, and employs in the United States and Canada professional musicians represented by the AFM in their productions.  Warner Brothers maintains its headquarters at 4000 Warner Boulevard, Burbank, CA 91522, and engages in business on a regular basis in the Central District of California.

13.     Each of the Defendants is "an employer" within the meaning of the federal statute, 29 U.S.C. § 185, authorizing "[s]uits for violation of contracts" between such an employer and "a labor organization representing employees in an industry affecting commerce."

FACTS

14.     At all times relevant to this lawsuit, the AFM and each of the Defendants were parties to one or more of the Agreements, each of which is a contract between Defendants as employers and the AFM as a labor organization representing employee musicians within the meaning of 29 U.S.C. §185.  Each of the Defendants is a "Producer" as to certain theatrical motion pictures within the terms of the Agreements.  The contractual violations alleged in this Complaint all occurred during the term of the 2010 Agreement, which was effective initially for the period April 14, 2010 through February 23, 2013, and was subsequently extended through April 4, 2015.

15.     The Agreements set out wage and benefit terms for various defined categories of musicians who work to prepare, perform and record (collectively, "create") original music sound tracks for theatrical motion pictures and whose services were covered by the Agreements ("Musicians").  The Agreements govern work by Musicians "employed by the Producer in the State of California or elsewhere in the United States and Canada whose services are rendered in connection with the production of theatrical motion pictures."  Pursuant to the Agreements, under which music sound track is created for use in a specific theatrical motion picture, Musicians created the "music sound track" for hundreds of theatrical motion pictures produced in the United States and Canada. Under the 2010 Agreement, and all previous Agreements since 1960, the Producers agreed that "all music sound track already recorded, or which will be recorded prior to the expiration of this Agreement, will not be used at any time for any purpose whatsoever except to accompany the picture for which the music sound track was originally prepared…."

16.     The 2010 Agreement, however, did permit for limited exceptions to the blanket prohibition on the re-use of a Producer's previously recorded music sound tracks set out in Paragraph 15, above:

1    (a)    First, the 2010 Agreement allowed the "use of up to two (2)
2    minutes of music sound track from a motion picture without the accompanying
3    footage (other than in new media)" – what is referred to hereinafter as an "un-
4    synced clip" –  if that usage does not fall within certain other exceptions not
5    relevant here, and if the Producer pays "the following aggregate one-time-only
6    sum for each motion picture to the musician or musicians determined by the
7    Federation to be entitled to such compensation and prorated among such
8    musicians as determined by the Federation: (i) one (1) minute or less of sound
9    track - $1,500; (ii) for each thirty (30) seconds or portion thereof in excess of one
10   (1) minute - $750."

11   (b)    Second, the 2010 Agreement allowed the "use of any other music
12   sound track with the accompanying footage from a motion picture not covered
13   under subparagraph (e)(1) above (other than in new media)" – what is referred to
14   hereinafter as a "synced clip" – if that usage does not fall within certain other
15   exceptions outlined in the 2010 Agreement, and if the Producer pays "the
16   following aggregate one-time-only sum for each motion picture to the musician or
17   musicians determined by the Federation to be entitled to such compensation and
18   prorated among such musicians as determined by the Federation: (i) one (1)
19   minute or less of sound track - $750; (ii) for each thirty (30) seconds or portion
20   thereof in excess of one (1) minute - $375."

21   17.    The 2010 Agreement restricts both a Producer's use of clips in its
22   own theatrical motion pictures and its licensing of clips to other entities for their
23   use in another theatrical motion picture or in a television program (also known as
24   a "television motion picture" or a "program") produced under a separate collective
25   bargaining agreement, known as the Basic Television Motion Picture Agreement.
26   If a Producer licenses music sound track under the 2010 Agreement, "[t]he actual
27   production company which produces the program or motion picture containing the
28   excerpted portion of the music sound track requiring payment is obligated to make

the payment required under this Article, provided the company is a signatory to this Agreement."

18.     In the event the licensee is not a signatory to the Agreement, the Producer of the motion picture from which music sound track was taken "shall otherwise remain liable for the payment due."

19.     The 2010 Agreement prohibited altogether un-synced clips that were recorded during the term of the 2010 Agreement, or during the term of any post-1960 Agreement, to be used in amounts longer than two minutes in any subsequent theatrical or television motion picture.

20.     Each of the Defendants was a signatory Producer to the 2010 Agreement, as well as to the relevant prior Agreements.  As such, each of the Defendants was prohibited, with respect to themselves and with respect to any non-signatory to whom any Defendant licensed music sound track, from the re-use of un-synced clips longer than two minutes in length, and obligated to make certain payments to and for the benefit of AFM members pursuant to the terms of the 2010 Agreement for the use of synced clips, and/or un-synced clips up to two minutes in length.

<u>CLAIMS FOR RELIEF</u>

**COUNT ONE**
Breach of Contract – 29 U.S.C. § 185
(Against Fox)

21.     The allegations in Paragraphs 1 through 20 above are re-alleged and incorporated herein by reference.

22.     The music sound tracks for theatrical motion pictures *Titanic, Thin Red Line, Die Hard, The Taking of Pelham 123*, and *American Anthem* were created by musicians whose services were covered by a post-1960 Agreement.

23.     Defendant Fox was the Producer of the theatrical motion pictures *Thin Red Line, This Means War, Die Hard, Knight & Day*, and *The Sitter* during the term of the 2010 Agreement or an earlier, post-1960 Agreement.

1  24.     Fox used the following un-synced clip, which it was prohibited

2  from using under the 2010 Agreement:

3      (i)    2 minutes and 7 seconds of music sound track from the

4          theatrical motion picture *The Taking of Pelham 123* was

5          used in the theatrical motion picture *Knight & Day*.

6  25.     Fox used the following clips for which it was required to make

7  payments to and for the benefit of AFM members under the 2010 Agreement:

8      (i)    1 minute and 10 seconds un-synced clip of the music sound

9          track from the theatrical motion picture *Titanic* was used in

10          the theatrical motion picture *This Means War*;

11      (ii)   4 seconds synced clip of the music sound track from the

12          theatrical motion picture *Titanic* was used in the theatrical

13          motion picture *This Means War*;

14      (iii)  1 minute and 30 seconds un-synced clip of the music sound

15          track from the theatrical motion picture *American Anthem*

16          was used in the theatrical motion picture *The Sitter*.

17  26.     Fox licensed the use of music sound track from theatrical motion

18  pictures for which it was the Producer to certain non-signatories to the 2010

19  Agreement who, in turn, used a portion of the music sound track as follows:

20      (i)    4 minutes and 54 seconds un-synced clip of the music

21          sound track from the theatrical motion picture *Thin Red*

22          *Line* was licensed to and used by DeAnna Cooper in the

23          theatrical motion picture *The Painter*;

24      (ii)   47 seconds un-synced clip of the music sound track, and 3

25          seconds synced of music sound track, from the theatrical

26          motion picture *Die Hard* was licensed to and used by

27          Universal Network Television in Season 8, Episode 9

28

1          (titled "Dwight Christmas") of the television motion

2          picture *The Office*.

3        27.     Fox failed to make the payments required by the 2010 Agreement

4 for the use of the clips identified in Paragraphs 25 and 26(ii) above.  Fox violated

5 the 2010 Agreement by using or permitting a non-signatory to use the clip

6 identified in Paragraph 24 and 26(i) above in a manner prohibited by the 2010

7 Agreement.

8        28.     In addition to the clips identified in Paragraphs 24-25 above, Fox

9 previously represented that it had used an additional 12 clips from music sound

10 tracks produced under the 2010 Agreement or another post-1960 Agreement in

11 motion pictures it produced and released between April 1, 2010 and November 20,

12 2013, of which one or more such music sound tracks were created by AFM

13 musicians under a post-1960 Agreement.  AFM has not received payments for the

14 use of any of those 12 clips.  Fox's re-use of one or more of these 12 clips violated

15 one or more of the provisions of the 2010 Agreement set forth in Paragraphs 16-

16 19 above.

17        29.     On information and belief, Fox re-used additional music sound

18 tracks from theatrical motion pictures in other motion pictures in the same manner

19 as the re-use examples set out in Paragraphs 24 and 25, but has failed to report or

20 make appropriate payments for such re-use and/or has used the clip in a manner

21 prohibited by the 2010 Agreement.

22        30.     In addition to the clips identified in Paragraph 26, Fox previously

23 represented that it had licensed 111 additional clips from its music sound tracks

24 produced under the 2010 Agreement or another post-1960 Agreement to entities

25 not listed as signatories to the 2010 Agreement for use in a motion picture

26 between April 1, 2010 and November 20, 2013.  AFM has not received payments

27 for the use of any of those 111 clips.

28

31.     On information and belief, in addition to the examples identified in Paragraph 26 above, Fox licensed music sound tracks from its theatrical motion pictures to non-signatories to the 2010 Agreement who used portions of such music sound tracks in subsequent motion pictures in the same manner as the re-use examples set out in Paragraph 26, but has failed to report or make appropriate payments for such re-use and/or has failed to ensure the clip was used in a manner permitted by the 2010 Agreement.

32.     Fox's actions set forth in Paragraphs 24 -31 above constitute violations of the 2010 Agreement that have caused financial injuries to musicians represented by the AFM.

**COUNT TWO**
Breach of Contract – 29 U.S.C. § 185
(Against Universal)

33.     The allegations in Paragraphs 1 through 20 above are re-alleged and incorporated herein by reference.

34.     The music sound tracks for theatrical motion pictures *Bourne Identity, The Breakfast Club, Car Wash, Cat People, Cast Away*, and *Jaws* were created by musicians whose services were covered by a post-1960 Agreement.

35.     Defendant Universal was the Producer of the theatrical motion pictures *Car Wash, Cat People, Bridesmaids*, and *Little Fockers* during the term of the 2010 Agreement or an earlier, post-1960 Agreement.

36.     Universal used the following un-synced clips, which it was prohibited from using under the 2010 Agreement:

> (i)     2 minutes and 36 seconds of music sound track from the theatrical motion picture *Car Wash* was used in the television motion picture *Smash*.

37.     Universal used the following clips for which it was required to make payments to and for the benefit of AFM members under the 2010 Agreement:

(i)  18 seconds un-synced clip of the music sound track from the theatrical motion picture *Jaws* was used in the theatrical motion picture *Little Fockers*;

(ii)  33 seconds un-synced clip of the music sound track from the theatrical motion picture *Cast Away* was used in the theatrical motion picture *Bridesmaids;*

(iii)  30 seconds un-synced clip of the music sound track from the theatrical motion picture *Bourne Identity* was used in Season 7, Episode 17 (titled "Threat Level Midnight") of the television motion picture *The Office*;

(iv)  16 seconds un-synced clip of the music sound track from the theatrical motion picture *The Breakfast Club* was used in Season 4, Episode 12 (titled "A Womb with a View") of the television motion picture *In Plain Sight.*

38.  Universal licensed the use of music sound track from theatrical motion pictures for which it was the Producer to certain non-signatories to the 2010 Agreement who, in turn, used a portion of the music sound track as follows:

(i)  2 minutes and 32 seconds un-synced clip of the music sound track from the theatrical motion picture *Car Wash* was licensed to and used by ABC Network in Season 3, Episode 3 (titled "Hunting Season") of the television motion picture *Scandal*;

(ii)  2 minutes and 8 seconds un-synced clip of the music sound track from the from the theatrical motion picture *Cat People* was licensed to and used by Adam Kimmel/Project Kimmel LLC in the theatrical motion picture *Dressed for Dinner.*

39.      Universal failed to make the payments required by the 2010 Agreement for the use of the clips identified in Paragraph 37 above.  Universal violated the 2010 Agreement by using or permitting a non-signatory to use the clips identified in Paragraphs 36 and 38 above in a manner prohibited by the 2010 Agreement.

40.      In addition to the clips identified in Paragraphs 36 and 37 above, Universal previously represented that it had used an additional 32 clips from music sound tracks produced under the 2010 Agreement or another post-1960 Agreement in motion pictures it produced and released between April 1, 2010 and November 20, 2013, of which one or more such music sound tracks were created by AFM musicians under a post-1960 Agreement.  AFM has not received payment for the use of any of those 32 clips.  Universal's re-use of one or more of these 32 clips violated one or more of the provisions of the 2010 Agreement set forth in Paragraphs 16-19 above.

41.      On information and belief, Universal re-used additional music sound tracks from theatrical motion pictures in other motion pictures in the same manner as the re-use examples set out in Paragraphs 36-37, but has failed to report or make appropriate payments for such re-use and/or has re-used the clip in a manner prohibited by the 2010 Agreement.

42.      In addition to the clips identified in Paragraph 38, Universal previously represented that it had licensed an additional 43 clips from its music sound tracks produced under the 2010 Agreement or another post-1960 Agreement to entities not identified as signatories to the 2010 Agreement for use in a motion picture between April 1, 2010 and November 20, 2013.   AFM received payment for the use of only one of these 43 clips.

43.      On information and belief, in addition to the examples identified in Paragraph 38 above, Universal licensed music sound tracks from its theatrical motion pictures to non-signatories to the 2010 Agreement who used portions of

1    such music sound tracks in subsequent motion pictures in the same manner as the

2    re-use examples set out in Paragraph 38 or in a manner that violated one or more

3    of the provisions of the 2010 Agreement set forth in Paragraphs 16 and 18 and has

4    failed to report or make appropriate payments for such re-use.

5        44.    Universal's actions set forth in Paragraphs 36-43 above constitute

6    violations of the 2010 Agreement that have caused financial injuries to musicians

7    represented by the AFM.

8                              **COUNT THREE**
                      Breach of Contract – 29 U.S.C. § 185
9                              (Against Disney)

10       45.    The allegations in Paragraphs 1 through 20 above are re-alleged

11   and incorporated herein by reference.

12       46.    The music sound tracks for theatrical motion pictures *The Muppet*

13   *Movie* and *Beauty and the Beast* were created by musicians whose services were

14   covered by a post-1960 Agreement.  Defendant Disney was the Producer of these

15   theatrical motion pictures.

16       47.    Disney used the following clips for which it was required to make

17   payments to and for the benefit of AFM members under the 2010 Agreement:

18            (i)    1 minute and 58 seconds un-synced clip of the music

19                   sound track from the theatrical motion picture *Beauty and*

20                   *the Beast* was used in episode 207 of the television motion

21                   picture *The Neighbors*;

22            (ii)   1 minute and 51 seconds un-synced clip of the music

23                   sound track from the theatrical motion picture *The Muppet*

24                   *Movie* was used in episode 112 of the television motion

25                   picture *The Neighbors*.

26       48.    Disney failed to make the payments required by the Agreement for

27   the use of the clips identified in Paragraph 47 above.

28

49.     In addition to the clips identified in Paragraph 47 above, Disney previously represented that it had used an additional 7 clips from music sound tracks produced under the 2010 Agreement or another post-1960 Agreement in motion pictures it produced and released between April 1, 2010 and June 18, 2014, of which one or more such music sound tracks were created by AFM musicians under a post-1960 Agreement.  AFM received payment for the use of only one of these 7 clips.

50.     On information and belief, Disney re-used additional music sound track from theatrical motion pictures in other motion picture productions in the same manner as the re-use examples set out in Paragraph 47, but has failed to report or make appropriate payments for such re-use.

51.     Disney previously represented that it had licensed 42 clips from its music sound tracks produced under the 2010 Agreement or another post-1960 Agreement to entities not identified as signatories to the 2010 Agreement for use in a motion picture between April 1, 2010 and June 9, 2014.   AFM received payment for the use of only one of these 42 clips.

52.     On information and belief, Disney licensed music sound tracks from theatrical motion pictures to non-signatories to the 2010 Agreement who used portions of such music sound tracks in subsequent motion pictures in a manner that violated one or more of the provisions of the 2010 Agreement set forth in Paragraphs 16-19 above.

53.     Disney's actions set forth in Paragraphs 47-52 above constitute violations of the 2010 Agreement that have caused financial injuries to musicians represented by the AFM.

/ / /

/ / /

/ / /

/ / /

**COUNT FOUR**
Breach of Contract – 29 U.S.C. § 185
(Against Warner Brothers)

54.     The allegations in Paragraphs 1 through 20 above are re-alleged and incorporated herein by reference.

55.     The music sound tracks for theatrical motion pictures *Heartbreak Ridge, Battle for the Planet of the Apes*, and *The Dirty Dozen* were created by musicians whose services were covered by a post-1960 Agreement.

56.     Defendant Warner Brothers was the Producer of the theatrical motion pictures *J Edgar, Argo,* and *The Dirty Dozen* during the term of the 2010 Agreement or an earlier, post-1960 Agreement.

57.     Warner Brothers used the following un-synced clips for which it was required to make payments to and for the benefit of AFM members under the 2010 Agreement:

> (i)     35 seconds of the music sound track from the theatrical motion picture *Battle for the Planet of the Apes* was used in the theatrical motion picture *Argo*.
>
> (ii)    2 minutes of music sound track from the theatrical motion picture *Heartbreak Ridge* was used in the theatrical motion picture *J Edgar*.

58.     Warner Brothers licensed the use of music sound tracks from theatrical motion pictures for which it was the Producer to certain non-signatories to the 2010 Agreement who, in turn, used a portion of the music sound track as follows:

> (i)     30 seconds un-synced clip of the music sound track from the theatrical motion picture *The Dirty Dozen* was licensed to and used by Janet Lopez/Neophonic obo Second in Command, LLC, in Season 2, Episode 2 (titled "The Choice") of the television motion picture *VEEP*.

59. Warner Brothers failed to make the payments required by the 2010 Agreement for the use of the clips identified in Paragraphs 57 and 58 above.

60. In addition to the clips identified in Paragraph 57, Warner Brothers previously represented that it had used an additional 7 clips from music sound tracks produced under the 2010 Agreement or another post-1960 Agreement in motion pictures it produced and released between April 1, 2010 and June 17, 2014, of which one or more such music sound tracks was created by AFM musicians under a post-1960 Agreement. AFM has not received payment for the use of any of those 7 clips. Warner Brothers' re-use of one or more of these 7 clips violated one or more of the provisions of the 2010 Agreement set forth in Paragraphs 16-19 above.

61. On information and belief, Warner Brothers re-used additional music sound track from theatrical motion pictures in other motion picture productions in a manner that violated the provisions of the 2010 Agreement set forth in Paragraphs 16-19 above.

62. In addition to the clips identified in Paragraph 58 above, Warner Brothers previously represented that it had licensed 40 clips from music sound tracks produced under the 2010 Agreement or another post-1960 Agreement to entities not listed as signatories to the 2010 Agreement for use in a motion picture between April 1, 2010 and June 17, 2014. AFM received payment for the use of only two of these 40 clips.

63. On information and belief, in addition to the examples identified in Paragraph 58 above, Warner Brothers licensed music sound tracks from theatrical motion pictures to non-signatories to the 2010 Agreement who used portions of such music sound tracks in subsequent motion pictures in a manner that violated one or more of the provisions of the 2010 Agreement set forth in Paragraphs 16-19 above.

64.      Warner Brothers' actions set forth in Paragraphs 57-63 above constitute violations of the 2010 Agreement that have caused financial injuries to musicians represented by the AFM.

### COUNT FIVE
Breach of Contract – 29 U.S.C. § 185
(Against Paramount)

65.      The allegations in Paragraphs 1 through 20 above are re-alleged and incorporated herein by reference.

66.      The music sound tracks for theatrical motion pictures *Up in the Air* and *Into the Wild* were created by musicians whose services were covered by a post-1960 Agreement.  Defendant Paramount was the Producer of these theatrical motion pictures.

67.      Paramount licensed the use of music sound track from theatrical motion pictures for which it was the Producer to certain non-signatories to the 2010 Agreement who, in turn, used a portion of the music sound track as follows:

　　　　　(i)     1 minute and 16 seconds un-synced clip of the music sound track from the theatrical motion picture *Up in the Air* was licensed to and used by Silver Spring Studios in the theatrical motion picture *Follow Me: The Yoni Netanyahu Story*;

　　　　　(ii)    2 minutes and 2 seconds un-synced clip of the music sound track from the theatrical motion picture *Into the Wild* was licensed to and used by Home Box Office, Inc., in episode 104 of the television motion picture *Luck*.

68.      Paramount failed to make the payments required by the 2010 Agreement for the use of the clip identified in Paragraph 67(i) above and violated the 2010 Agreement by permitting a non-signatory to re-use the clip identified in Paragraph 67(ii) above in a manner prohibited by the 2010 Agreement.

69.     In addition to the clips identified in Paragraph 67, Paramount previously represented that it had licensed 13 additional clips from its music sound tracks produced under the 2010 Agreement or another post-1960 Agreement to entities not listed as signatories to the 2010 Agreement for use in a motion picture between April 1, 2010 and November 20, 2013.   AFM has received payments for the use of only one of those 13 clips.

70.     On information and belief, in addition to the examples identified in Paragraph 67 above, Paramount licensed music sound tracks from theatrical motion pictures to non-signatories to the 2010 Agreement who used portions of such music sound tracks in subsequent motion pictures in the same manner as the re-use examples set out in Paragraph 67, but has failed to report or make appropriate payments for such re-use and/or has failed to ensure the clip was used in a manner permitted by the 2010 Agreement.

71.     Other Defendants have previously represented that during the term of the 2010 Agreement they collectively licensed at least 7 clips of music sound track from theatrical motion pictures created under a post-1960 Agreement to Paramount, for re-use in subsequent motion pictures.  AFM has not received payments for the use of any of these 7 clips.

72.     On information and belief, Paramount itself improperly re-used music sound track from theatrical motion pictures produced under the 2010 Agreement or another post-1960 Agreement in other motion picture productions, but has failed to report or make appropriate payments for such re-use, and/or has used the clip in a manner prohibited by the 2010 Agreement.

73.     Paramount's actions set forth in Paragraphs 67-72 above constitute violations of the 2010 Agreement that have caused financial injuries to musicians represented by the AFM.

**COUNT SIX**
Breach of Contract – 29 U.S.C. § 185
(Against Columbia)

74.     The allegations in Paragraphs 1 through 20 above are re-alleged and incorporated herein by reference.

75.     The music sound tracks for theatrical motion pictures *Karate Kid* and *Close Encounters of the Third Kind* were created by musicians whose services were covered by a post-1960 Agreement. Defendant Columbia was the Producer of these theatrical motion pictures.

76.     Columbia licensed the use of music sound tracks from theatrical motion pictures for which it was the Producer to certain non-signatories to the 2010 Agreement who, in turn, used a portion of the music sound track as follows:

> (i)     59 seconds un-synced clip of the music sound track from the theatrical motion picture *Karate Kid* was licensed to and used by Remote Broadcasting, Inc., in Season 3, Episode 17 (titled "She Got Game Night") of the television motion picture *Happy Endings*;

> (ii)    2 minutes and 23 seconds un-synced clip of the music sound track from the theatrical motion picture *Close Encounters of the Third Kind* was licensed to and used by Frank's Pie Company, LLC, in the theatrical motion picture *Labor Day*.

77.     Columbia failed to make the payments required by the 2010 Agreement for the use of the clip identified in Paragraph 76(i) above.  Columbia violated the 2010 Agreement by permitting a non-signatory to use the clip identified in Paragraph 76(ii) above in a manner prohibited by the 2010 Agreement.

78.     In addition to the clips identified in Paragraph 76, Columbia has previously represented that it had licensed 8 additional clips from its music sound

1  tracks produced under the 2010 Agreement or another post-1960 Agreement to

2  entities not listed as signatories to the 2010 Agreement for use in a motion picture

3  between January 1, 2013 and November 20, 2013. AFM has received payments

4  for the use of only two of those 8 clips.

5         79.     On information and belief, in addition to the examples identified in

6  Paragraph 76 above, Columbia licensed music sound tracks from theatrical motion

7  pictures to non-signatories to the 2010 Agreement who used portions of such

8  music sound tracks in subsequent motion pictures in the same manner as the re-

9  use examples set out in Paragraph 76, but has failed report or make appropriate

10  payments for such re-use and/or has failed to ensure the clip was used in a manner

11  permitted by the 2010 Agreement.

12         80.     Other Defendants have previously represented that during the term

13  of the 2010 Agreement they collectively licensed at least three clips of music

14  sound track from theatrical motion pictures to Columbia or its marketing arm,

15  Columbia Tristar Marketing Group, Inc., for re-use in subsequent motion pictures.

16  AFM has not received payments for the use of any of these three clips.

17         81.     On information and belief, Columbia itself improperly re-used

18  music sound track from theatrical motion pictures produced under the 2010

19  Agreement or another post-1960 Agreement in other motion picture productions,

20  but has failed to report or make appropriate payments for such re-use, and/or has

21  used the clip in a manner prohibited by the 2010 Agreement.

22         82.     Columbia's actions set forth in Paragraphs 76-81 above constitute

23  violations of the 2010 Agreement that have caused financial injuries to musicians

24  represented by the AFM.

25  / / /

26  / / /

27  / / /

28  / / /

## PRAYER FOR RELIEF

WHEREFORE, the AFM respectfully requests that this Court:

(1)    As against Defendant Fox, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT ONE;

(2)    As against Defendant Universal, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT TWO;

(3)    As against Defendant Disney, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT THREE;

(4)    As against Defendant Warner Brothers, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT FOUR;

(5)    As against Defendant Paramount, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT FIVE;

(6)    As against Defendant Columbia, award damages for all losses, including prejudgment interest, suffered by the AFM and musicians it represents as a result of Defendant's breaches of the Agreement as set out in COUNT SIX; including prejudgment interest, and

(7)    Order such other and further relief, including costs, to which Plaintiff is entitled or as to which this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

DATED: May 26, 2015

/s/ *Lewis N. Levy, Esq.*

LEWIS N. LEVY, Bar No. 105975
DANIEL R. BARTH, Bar No. 274009
Levy, Ford & Wallach
3619 Motor Avenue
Los Angeles, CA  90034
Telephone:  (213) 380-3140
Facsimile:  (213) 480-3284
Email: LLevy@lfwlawyers.com
        DBarth@lfwlawyers.com

JEFFREY R. FREUND (*pro hac vice
application forthcoming*)
ROBERT ALEXANDER (*pro hac vice
application forthcoming*)
ABIGAIL V. CARTER (*pro hac vice
application forthcoming*)
PHILIP C. ANDONIAN, Bar No. 222243
Bredhoff & Kaiser, PLLC
805 Fifteenth St., N.W. Tenth Floor
Washington, D.C. 20005
Telephone:  (202) 842-2600
Facsimile:   (202) 842-1888
Email: jfreund@bredhoff.com
        ralexander@bredhoff.com
        acarter@bredhoff.com
        pandonian@bredhoff.com

*Attorneys for Plaintiff*

COMPLAINT
CASE NO. 2:15-cv-03953